IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ETFF Corporation (f/k/a Pennfield Corporation, Inc.), *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-19430-AMC<br><br>(Jointly Administered) |
| MorrisAnderson, Ltd., in its capacity as Trustee of the Plan Trust of ETFF Corporation, et al.,<br>Plaintiff,<br><br>vs.<br><br>Purina Animal Nutrition LLC fka Land O'Lakes Farmland Feed LLC,<br>Defendant. | Adv. No. **Refer to Summons** |

## COMPLAINT TO AVOID TRANSFERS
## PURSUANT TO 11 U.S.C. §§ 547, 548 AND 502 AND TO RECOVER
## PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

MorrisAnderson, Ltd., in its capacity as Trustee of the Plan Trust of ETFF Corporation, et al. (the "Trustee" or the "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Purina Animal Nutrition LLC fka Land O'Lakes Farmland Feed LLC (the "Defendant"), and in support thereof alleges upon information and belief that:

### NATURE OF THE CASE

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy proceedings pursuant to 11 U.S.C. §§ 547 and 550.   Subject to proof, Plaintiff also

---

[1] The "Debtors" in these Chapter 11 cases along with the last four digits of federal tax identification number, as applicable, are:   ETFF Corporation (f/k/a Pennfield Corporation), and ETFF Transport Company (f/k/a Pennfield Transport Company) (5598).

seeks to avoid and recover pursuant to 11 U.S.C. § 548 any transfers that may have been fraudulent conveyances. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors'[2] schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' chapter 11 estates (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION AND VENUE

2.      This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), Case No. 12-19430-BIF, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548 and 550 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

---

[2] The Debtors are all entities listed in footnote 1.

2

5.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

6.      On October 3, 2012 (the "Petition Date") the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

7.      On October 10, 2012, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Docket No. 70].

8.      On May 5, 2014, the Debtors filed the *Amended Joint Plan of Liquidation proposed by Debtors-In-Possession, as modified on June 13, 2014* [Docket No. 929] (the "Plan").  On June 18, 2014, the Court confirmed the Plan by entering the *Amended Joint Plan of Liquidation proposed by Debtors-In-Possession, as modified on June 13, 2014* [Docket No. 941] (the "Confirmation Order").

9.      On July 3, 2014 (the "Effective Date"), all conditions to the effectiveness of the Plan had been satisfied or waived, and the Plan was substantially consummated.

## THE PARTIES

10.      Plaintiff was appointed as trustee of the Plan Trust of ETFF Corporation, et al. pursuant to the Plan and that certain Plan Trust Agreement dated as of July 3, 2014, the form of which was attached as Exhibit 1.55 to Plan [D.I. 938].  Pursuant to the Plan and the Plan Trust Agreement, the Trustee is authorized, among other things, to investigate, prosecute and resolve preference actions.

11.      The Debtors were regional manufacturers and transporters of bulk and bagged feeds for dairy, equine and other commercial and backyard livestock.  The Debtors' main feed

3

supplies are grains and grain byproducts (such as corn, soybean meal, and wheat midds) and other specialty ingredients and nutrients. These are procured from both national and regional suppliers.[3]

12.     The Debtors owned and operated three (3) production mills located in Mount Joy, PA; Martinsburg, PA; and South Montrose, PA. The Debtors also owned a feed mill in Hempfield, PA that was sold in April 2012. The Debtors' executive offices were located in Lancaster, PA.

13.     Debtor ETFF Corporation (f/k/a Pennfield Corporation, Inc.) is a Pennsylvania corporation and is the sole owner of one hundred (100%) percent of the equity interests in Debtor ETFF Transport Company (f/k/a Pennfield Transport Company) which was formed for the sole purpose to own the tractors and trailers that were used in the distribution of feed for Debtor ETFF Corporation.

14.     Upon information and belief, at all relevant times, Defendant provides animal feeds, supplements, ingredients and nutrients for various types of animals. Upon further information and belief, Defendant's principal place of business is located at 1080 West County Road F, Shoreview, MN 55126. Plaintiff is informed and believes and on that basis alleges that Defendant is a limited liability company residing in and subject to the laws of the State of Delaware.

## **FACTUAL BACKGROUND**

15.     Prior to the Petition Date, the Debtors, as manufacturers, suppliers and transporters of bulk and bagged feeds for dairy, equine and other commercial and backyard

---

[3]  Further detail on the Debtors businesses, both manufacturing and transportation, can be found in the Declaration of Arnold Sumner, President and Chief Executive Officer of the Debtors, In Support of the First Day Motions. [D.I. 25].

4

livestock, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

16.     As manufacturers, suppliers and transporters of bulk and bagged feeds for dairy, equine and other commercial and backyard livestock, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers and distributors.  The Debtors, as manufacturers, suppliers and transporters of bulk and bagged feeds, also regularly paid for services used to facilitate its feed business.

17.     Historically, the Debtors utilized a series of bank accounts to collect and transfer funds from numerous sources and accounts, and disburse funds to satisfy obligations arising from the daily operations of their businesses.  The Debtors maintained accounts at Fulton Bank, N.A. and First National Bank.  Disbursements were made to creditors from three U.S. dollar concentration and disbursement accounts: account number xx4978 in the name of Pennfield Corporation; account number xx4980 in the name of Pennfield Corporation; and account number xx4981 in the name of Pennfield Transport Company (collectively the "Bank Accounts").

18.     During the ninety (90) days before the Petition Date, that is between July 5, 2012, and October 3, 2012 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities.

19.     During the course of their relationship, the Debtors and Defendant entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and

incorporated by reference as Exhibit "A." Such details include "Invoice Number," "Invoice Date," "Invoice Amount," and "Debtor(s) Incurring Antecedent Debt."

20.     The Debtors and Defendant conducted business with one another through and including the Petition Date pursuant to the Agreements.

21.     As identified in the Agreements, the Debtors purchased goods and/or services from Defendant.

22.     Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by the Debtors to Defendant within the Preference Period.

23.     Plaintiff has determined that the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $90,593.33 (the "Transfer" or "Transfers"). The details of each Transfer is set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit "A." Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

24.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"),

that may become known to Plaintiff at any time during this adversary proceeding, through

formal discovery or otherwise, and for the Amendments to relate back to this original

Complaint.

25.     Plaintiff acknowledges that some of the Transfers might be subject to defenses

under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under

Section 547(g).

## CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

26.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

27.     Each Transfer was made to Defendant by the Debtor(s) identified on Exhibit "A"

under the column heading "Debtor Transferor(s)."

28.     Each Transfer was paid from the Bank Accounts described *supra*.

29.     Each Transfer constituted a transfer of an interest in property of the Debtors as

identified on Exhibit "A."

30.     During the Preference Period, Defendant was a creditor at the time of each

Transfer by virtue of supplying goods and/or services identified in the Agreements to the

Debtors identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent

Debt" for which the identified Debtors were obligated to pay following delivery in accordance

with the Agreements.  See Exhibit "A."

31.     Each Transfer was to or for the benefit of a creditor within the meaning of 11

U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then

7

owed by the Debtors identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendant.  <u>See</u> Exhibit "A."

32.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtors identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors identified on Exhibit "A" under column heading "Debtors Transferor(s)." <u>See</u> Exhibit "A."

33.     Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

34.     Each Transfer was made during the Preference Period. <u>See</u> Exhibit "A."

35.     As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules and the Plan filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

36.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

37.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

38.     Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers as identified on Exhibit "A" were not on account of an antecedent debt or were a prepayment for goods and/or services subsequently received, the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

A.     The Debtor was insolvent on the date that the Transfer(s) were made or became insolvent as a result of the Transfer(s); or

B.     The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor who made or for whose benefit the Transfer(s) were made was an unreasonably small capital; or

C.     The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

39.     In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

40.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

41.     Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548.  The Transfers and any Potentially Fraudulent Transfers are collectively referred to herein as "All Avoided Transfers."

42.      Defendant was the initial transferee of All Avoided Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfer(s) were made.

43.     Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

44.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

45.     Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

46.     Defendant is the transferee of All Avoided Transfer(s) avoidable under 11 U.S.C. §§ 547 and 548.

47.     Defendant has not paid the amount of All Avoided Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

48.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfer(s), plus interest thereon and costs.

49.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors

or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfer(s).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through IV, that the Court enter a judgment against Defendant:

A.  That All Avoided Transfer(s) avoidable under 11 U.S.C. §§ 547 and 548 in the total aggregate amount of not less than $90,593.33 be avoided;

B.  That All Avoided Transfer(s), to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 and 548, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C.  That judgment be entered against Defendant in the amount of $90,593.33 (the "Judgment");

D.  Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the Judgment;

E.  Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by Defendant and/or its assignee until Defendant satisfies the Judgment;

F.  Awarding pre-judgment interest at the maximum legal rate running from the date of the filing of the Complaint to the date of Judgment herein;

G.  Awarding post-judgment interest at the maximum legal rate running from the date of Judgment herein until the date the judgment is paid in full, plus costs;

H.  Requiring Defendant to pay forthwith the Judgment amount awarded in favor of Plaintiff; and

I.  Granting Plaintiff such other and further relief as the Court deems just and proper.

11

Dated: October 2, 2014           **GELLERT SCALI BUSENKELL & BROWN, LLC**

By:     */s/ Ronald S. Gellert*

Ronald S. Gellert
Michael Busenkell
Brya M. Keilson
The Curtis Center
601 Walnut Street, Suite 280S
Philadelphia, PA 19106
Telephone: (302) 425-5800
Fax: (302) 425-5814
e-mail: rgellert@gsbblaw.com

and

Primary Counsel
(**Please Contact Primary Counsel**)    Joseph L. Steinfeld, Jr., Esq., MN SBN
0266292
Gary D. Underdahl, Esq., MN SBN 0301693
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665  ext. 857
Fax: (651) 406-9676
e-mail: gunderdahl@askllp.com

and

Edward E. Neiger, Esq.
Marianna Udem, Esq.
Brigette G. McGrath, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Attorneys for Plaintiff, MorrisAnderson, Ltd., in its
capacity as Trustee of the Plan Trust of ETFF
Corporation, et al.*